JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EL RANCHO, L.P., | Case No. SA CV 14-1957 JLS (JCGx) |
| Plaintiff, | |
| v. | **ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION** |
| JUAN C. JAUREGUI and JACQUELINE RANGEL, | |
| Defendants. | |

The Court will summarily remand this unlawful detainer action to state court because Defendants removed it improperly.

On December 10, 2014, Defendants Juan C. Jauregui and Jacqueline Rangel ("Defendants"), having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action in this Court, and also presented applications to proceed without prepaying the Court's filing fee. [*See* Dkt. Nos. 1, 4, 5.] The Court has denied the latter applications under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, Plaintiff could not have brought this action in federal court in the first place, in that Defendants do not competently allege facts supplying either diversity or federal-question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563 (2005). Even if complete diversity of citizenship exists, the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful detainer complaint recites that the amount in controversy does not exceed $10,000. Moreover, because Defendants reside in the forum state, Defendants cannot properly remove the action, to the extent diversity jurisdiction is asserted. 28 U.S.C. § 1441(b)(2).

Nor does Plaintiff's unlawful detainer proceeding raise any federal legal question. *See* 28 U.S.C. §§ 1331, 1441(b). Federal question jurisdiction under § 1331 encompasses civil actions that arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Plaintiffs' complaint for unlawful detainer alleges a cause of action arising under the laws of the State of California. To be sure, Defendants assert in conclusory fashion that they have filed a demurrer invoking unspecified rights and duties arising under federal law. [*See* Dkt. No. 1 at 2.] However, "a federal defense does not form a basis for removal" in an unlawful detainer action. *U.S. Bank Nat'l Ass'n v. Beas*, 2012 WL 37502, at *1 (C.D. Cal. Jan. 6, 2012); *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . "); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court . . . .").

/ / /
/ / /
/ / /
/ / /

      Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, County of Orange County, 1275 North Berkeley Avenue, Fullerton, CA 92832, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

Dated: 12-16-14

HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE